JAMES PHILLIP VAUGHNS, State Bar #124040
Law Offices of James Phillip Vaughns
6114 LaSalle Avenue, Suite 289
Oakland, California 94611
Telephone: 510-583-9622
Facsimile: 510-886-7218
vaughnslaw@aol.com

Attorney for Defendant Ronald PELAEZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.: CR 11-00154 MMC |
| Plaintiff, | **SENTENCING MEMORANDUM** |
| vs. | |
| RONALD PELAEZ, | Date: March 13, 2013 |
| Defendant. | Time: 2:15 p.m. |
| | Hon. Maxine M. Chesney |

## INTRODUCTION

Defendant Ronald Pelaez plead guilty to both Counts of the Superseding Information charging violations of 21 U.S.C. §843(b) - Use of a Telecommunications Facility to Facilitate a Drug Trafficking Crime. The Presentence Report ("PSR") arrives at an Adjusted Offense Level of 29, and a Criminal History Category of II. The resulting guideline range is 97 to 121 months. The intent of the Plea Agreement entered into by the parties was to allow argument for a term of imprisonment between 48 and 70 months.

>>

>>

## BACKGROUND

Defendant was arrested after driving his co-defendant to a meeting with an undercover agent. Prior to the meeting, Mr. Pelaez and the co-defendant visited several places so that the co-defendant could acquire the drugs the co-defendant had agreed to sell to the agent.

Soon after his arrest, he indicated his willingness to plead guilty to the Government and many months of negotiations took place. That the parties have reached this disposition is both a testament to Mr. Pelaez's limited culpability and to AUSA Barry's imminently reasonable, and honorable, view of justice as it applies to the case at bar.

## APPLICABLE LAW

*United States v. Booker* (2005) 543 U.S. 220, established the principle that the Sentencing Guidelines are now advisory only and that, at sentencing, federal judges must continue to consult the Guidelines, but are obliged to give effect to the criteria set forth in 18 U.S.C. § 3553(a).

In light of *Booker*, judges have finally been restored to their rightful position of possessing the discretion to fashion a sentence based on the particular facts of a case and the particular characteristics of a defendant - not fashioning a sentence based on a rigid set of rules that ignore those particularities.

The Court is not bound by any statutory sentencing constraints in this matter. Thus, Mr. Pelaez respectfully requests that the Court consider all of the factors outlined in 18 U.S.C. § 3553(a) and determine a sentence that is sufficient, but not greater than necessary, to meet the goals of sentencing.

## FACTORS TO BE CONSIDERED IN IMPOSING SENTENCE

The primary directive in 18 U.S.C. § 3553(a) is for sentencing courts to impose a sentence which is sufficient, but not greater than necessary, to comply with the four objectives of sentencing:

(1) to provide just punishment; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; (4) and to provide the defendant with effective rehabilitative treatment.

As noted above, under *Booker*, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a). In determining a minimally

sufficient sentence, § 3553(a) further directs sentencing courts to consider certain factors, particularly the following:

### Characteristics of the Defendant

The PSR notes that Mr. Pelaez is the father of two sons. ***PSR, paragraph 44.*** In fact, Mr. Pelaez views his children as his reason for living. In large part because of his own difficult upbringing, Mr. Pelaez dedicated his life to being a better father to his children than his own father was to him. Mr. Pelaez is literally crushed in spirit because of his involvement in this matter because he knows he has not lived up to his lofty goals. The near certainty of deportation, and separation from his children, has also haunted him and will continue to do so.

Mr. Pelaez has only one prior conviction, an alcohol related reckless driving misdemeanor offense. Even though he was placed on unsupervised probation for that matter, the event counts for three criminal history points. It is extremely unfortunate that Mr. Pelaez committed the instant offense less than one month from having his probation terminated. The two criminal history points he receives for bad timing place him in Criminal History Category II, instead of I. In most cases, it would be hard to argue that a Criminal History Category of II can be the product of overstatement. However, in this case, Mr. Pelaez's only prior contact with law enforcement - a misdemeanor conviction - should not launch him past Category I.

Mr. Pelaez enjoys much family and community support. The mother of his children, Elizabeth Bernhard, stands by him during these difficult times. Her family also believes in Mr. Pelaez's good heart and good moral character. His own family, despite the childhood troubles referenced in the PSR, at paragraphs 42-43, has endeavored to help Mr. Pelaez land on his feet to the extent they can.

The Court need not worry about Mr. Pelaez being a recidivist. He has the basic foundation that every job seeker needs, a high school diploma and a resume of past employment -

in his case as a journeyman electrician. In the event he is allowed to remain in the United States, he will have a soft landing upon his release from prison.

**CONCLUSION**

The Court must order a minimally sufficient sentence to achieve the goals of punishment in light of 3553(a), only one of which is the advisory guideline sentence. It is respectfully suggested that a consideration of the offense characteristics - driving his co-defendant to a drug deal - and Mr. Pelaez's personal history should lead the Court to find that a 48 month sentence is particularly sufficient.

Dated: March 6, 2013                    Respectfully submitted,

-S-

_____
JAMES PHILLIP VAUGHNS
Attorney for Ronald PELAEZ